EVANS *v.* CITY OF DETROIT ELECTION COMMISSION

OPINION OF THE COURT

1. ELECTIONS—CANDIDATES—SIMILAR NAMES—BALLOT DESIGNATION.
   Granting by Detroit election commission of primary ballot designation "former judge of recorder's court" to two candidates with surnames identical or nearly identical to those of other candidates *held* proper under state election statute empowering commission to grant identifying designations in such cases where the geographic size of electorate and similarity of occupations of candidates render impracticable and ineffective the specific designations of occupation or residence authorized by statute (CLS 1961, § 168.561 as amended by PA 1967, No 36).

CONCURRING OPINION

LEVIN, J.

2. ELECTIONS—CANDIDATES—SIMILAR SURNAMES—BALLOT DESIGNATIONS.
   *Where two candidates have the same or similar surnames they should reecive ballot designations which will identify them adequately when considered from the standpoint of the elector seeking to cast an effective vote for the candidate of his choice, and yet not afford one candidate an advantage over his rivals.*

Appeal from Wayne, Martin (George T.), J. Submitted July 5, 1968, at Detroit. (Docket No. 5,866.) Decided July 5, 1968. Opinion filed December 24, 1968.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  26 Am Jur 2d, Elections § 218.

Complaint by Robert L. Evans and Walter Kurz, intervening plaintiff, against City of Detroit Election Commission, Thomas D. Leadbetter, Hon. Vincent J. Brennan and Ed. Carey, members, and Arthur J. Koscinski and John R. Murphy, as intervening defendants, for order of superintending control to enjoin the election commission from granting ballot designation to intervening defendant. Judgment for plaintiffs. Defendants appeal. Reversed.

*Booker T. Williams,* for plaintiff Evans.

*Walter Kurz, in propria persona.*

*Robert Reese,* Corporation Counsel, and *Robert D. McClear,* Assistant Corporation Counsel, for Detroit election commission.

*Oliver C. Nelson,* for defendant Murphy.

*Patrick J. Keating,* for defendant Koscinski.

J. H. GILLIS, J.    This matter was before the Court as an application for leave to appeal[1] from an order of the trial court directing the defendant City of Detroit Election Commission to refrain from printing designations after the names Arthur J. Koscinski and John R. Murphy, candidates for judge of the recorder's court for the city of Detroit.[2]    De-

[1] The matter was brought on an application for leave to appeal with an ancillary motion for immediate consideration of the application (GCR 1963, 806.5). Upon hearing had before this Court, the clerk of the Court of Appeals was directed to enter an order, dated July 5, 1968, substantially identical to this opinion.

[2] Plaintiff-appellee Evans brought the original action for superintending control in which plaintiff Kurz was allowed to intervene. Evans and Kurz are also candidates for the same office. By leave of court, Arthur J. Koscinski and John R. Murphy intervened as defendants, and upon loss of their designation below, have prosecuted this appeal.

fendant commission had determined and allowed designation of the above candidates pursuant to CL 1948, § 168.561 as amended by PA 1967 No 36 (Stat Ann 1968 Cum Supp § 6.1561).[3]  In both cases the designation awarded was "former judge of the recorder's court."

The action of the commission in allowing the designation as to candidate Arthur J. Koscinski was the presence on the ballot of a candidate named Raymond A. Kosinski.  Along with candidate John R. Murphy on the ballot was candidate J. J. Murphy, and thus the designation for John R. Murphy.

This case is controlled, in principle and in fact, by *Sullivan* v. *Secretary of State* (1964), 373 Mich 627, wherein the Court construed the pertinent statutory provision above cited.  At 373 Mich 630, 631, the Court stated:

"No one contends that it is not constitutionally permissible to the legislature to provide means for adequate identification by the electorate of candidates for public office, nor could such contention be made even arguably in the face of the quoted constitutional provisions requiring the passage of laws

---

[3] "If 2 or more candidates, including candidates for nonpartisan offices, for the same office have the same or similar surnames, the board of election commissioners, upon the request of any such candidate filed in writing not later than 3 days after the last day for filing nominating petitions shall determine, within 3 days after filing of the request, in the case of an alleged similarity whether similarity exists, and shall notify the requester and the other candidate affected of its determination by registered mail sent not later than the final date for such determination.  A candidate who is dissatisfied with the determination by the board may file an appeal in the circuit court of the county where the board is located within 7 days after the final date for determination by the board and the court shall hear the matter de novo.  In case of the same surnames or a final determination by the board, or by the court before the latest date on which the board can arrange for printing of the ballots, of the existence of similarity, the board shall print the occupation or residence of each of such candidates on the ballot or ballot labels under their respective names.  The term 'occupation' shall be construed to include political office, even though it is not the candidate's principal occupation."

to preserve the purity of elections and to guard against abuses of the elective franchise. It has been the legislature's constant purpose to insist upon full and complete identification of candidates for public office in order to provide the electorate with the information necessary to cast their ballots effectively for the candidates of their choice. That purpose is evident not alone from section 561 of the election law with which we are directly concerned but, also, from section 558 (CLS 1961, § 168.558, as amended by PA 1964, No 190 [Stat Ann 1963 Cum Supp § 6.1558 and Stat Ann 1964 Current Material, p 425]), requiring candidates for nomination for any county, State or national office to file affidavits of identity; from section 561a (CLS 1961, § 168.561a [Stat Ann 1963 Cum Supp § 6.1561(1)]), added by PA 1960, No 88, providing that when a candidate for nomination to any public office has the same given name and surname as the person last elected to such office when that person does not seek renomination, a statement must be printed below the name of such candidate that he is not the present holder of that office; and from section 557 (CLS 1961, § 168.557 [Stat Ann 1956 Rev § 6.1557]), providing for the filing of affidavits by all candidates relative to any change which may have been made at any time in the name of a candidate and providing for the printing on the ballot of both the name of the candidate appearing on his nominating petitions and his name given at birth. In all these ways, as well as in others, the legislature has manifested its purpose to provide the electorate as adequate means of candidate identification as is practically possible."

As in the *Sullivan Case*, addresses of the candidates, or their occupation (attorneys at law) were not sufficient to properly identify the candidates to the electorate, in order to insure the intelligent selection of candidates which, after all, is the heart of our elective process. It is toward the end of intel-

ligent and discriminating choice, knowingly made, that our election laws must aim, and which purity we must preserve.

. We therefore agree with the defendant City of Detroit Election Commission that the only designation which would effectively distinguish the intervening defendants from the other candidates with similar names was "former judge of the recorder's court."

·' The order of superintending control directed to the commission is dissolved and the action of the trial judge reversed. No costs, a public question being involved.

LESINSKI, C. J., concurred with J. H. GILLIS, J.

LEVIN, J., (*concurring*). The decision of the Michigan Supreme Court in *Sullivan v. Secretary of State* (1964), 373 Mich 627, requires that where two candidates have the same or similar surnames they receive ballot designations which will "identify them adequately when considered from the standpoint of the elector seeking to cast an effective vote for the Sullivan of his choice."

A designation by street address or by present occupation, attorney at law, would no more accomplish that purpose in this case than it would have in the *Sullivan Case.* Here, as in *Sullivan,* all the candidates are attorneys at law. And, as in *Sullivan,* a designation of "attorney at law" or by street address would not identify the Koscinski/Kosinski or Murphy of the voter's choice. Hence, we must, as in *Sullivan,* grant Arthur J. Koscinski and John R. Murphy designations related to their former positions, *i.e.,* as judges, which designations would identify them. To grant Arthur J. Koscinski a

designation as former assistant prosecuting attorney, which has been suggested as an alternative solution, and John R. Murphy a designation as former recorder's court judge would be unfair, by comparison, to Arthur J. Koscinski.

By like token, to grant Arthur J. Koscinski and John R. Murphy designations as former recorder's court judges and to deny a designation of former municipal judge to Robert L. Evans is unfair, by comparison, to Robert L. Evans. And so it goes. If we grant designations of the potency we here grant, I think we should seek to eliminate so much of their impact beyond mere identification as can be done without depriving Arthur J. Koscinski and John R. Murphy of the identification to which they are entitled.

I would accordingly grant to Arthur J. Koscinski, John R. Murphy and Robert L. Evans designations as former judges. I would also grant the designation of traffic court referee to John C. Carney, that of assistant prosecuting attorney to Gerald W. Groat, Jr., that of common pleas judge to Henry J. Szymanski, and, for want of a better suggestion, that of attorney at law to Ross John Fazio and Walter A. Kurz.

The approach I suggest[1] is entirely consistent with the spirit and intent of the Supreme Court's holdings in *Sullivan* and *Elliott* v. *Secretary of State* (1940), 295 Mich 245. In the *Sullivan Case* the Supreme Court granted designations not expressly authorized by the statute and which had not been granted by the election commission. In the *Elliott Case* the Court required rotation of names on the ballot even though the statute did not so

---

[1] This opinion, as was Judge GILLIS' (see footnote 1 of his opinion), was filed with our order of July 5, 1968.

require.  Both decisions sought to insure a fair election.[2]

"It is not consistent with fairness or purity of elections or the avoidance of misuse of elective franchise for election officials to prepare ballots in such a condition as will afford one candidate or nominee an unfair advantage over rival candidates or nominees." *Elliott, supra,* pp 249, 250.

---

[2] For a general discussion, see Kelman, Ballot Designations: Their Nature, Function, and Constitutionality, 12 Wayne L Rev 756, 762 (1965–1966).